UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STERLING N. McGUIRE,<br><br>                Plaintiff,<br><br>   v.<br><br>OFFICER HUMMER; IDAHO FALLS POLICE DEPARTMENT; and ALL OFFICERS INVOLVED IN ARREST CR-10-22-08207,<br><br>                Defendants. | Case No. 4:24-cv-00339-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      The Clerk of Court conditionally filed Plaintiff Sterling N. McGuire's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

      Having reviewed the record, the Court concludes the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1. **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" the defendant committed the unlawful act, meaning sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

2. **Factual Allegations**

Plaintiff is an inmate in the custody of the Madison County Jail. Plaintiff alleges that, on September 3, 2022, Defendant Officer Hummer with the Idaho Falls Police Department "used excessive force" in arresting Plaintiff, causing "bodily harm and injury." (*Compl.*, Dkt. 3, at 2). Officer Hummer, and potentially other officers, also allegedly "lied in their reports." (*Id.*).

Plaintiff asserts Fourth Amendment claims of excessive force and Fourteenth Amendment claims of malicious prosecution, as well as state law claims under Idaho Code § 18-706.[1] (*Compl.* at 2). He sues Officer Hummer, the Idaho Falls Police Department, and other unidentified officers involved in Plaintiff's arrest.

**3.  Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight (28) days to amend the Complaint. Any amended complaint should take into consideration the following.

**A.     *Section 1983 Claims***

Plaintiff brings his federal claims under 42 U.S.C. § 1983, the civil rights statute. *Compl.* at 1. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, government officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own

---

[1]    Though Plaintiff also cites the Eighth Amendment, that amendment applies only to convicted prisoners and guarantees such prisoners minimally adequate conditions of confinement. It has no application to claims arising from an arrest outside of prison.

misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205-09 (internal quotation marks omitted).

To bring a § 1983 claim against a local governmental entity such as the Idaho Falls Police Department, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty.*

*of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

      i.     Excessive Force Claims

Claims of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits unreasonable searches and seizures. This "reasonableness" standard requires "balancing the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053–54 (9th Cir. 2007). First, the "quantum of force" must be assessed. Second, the governmental interests at stake must be analyzed in light of the following factors: (1) the severity of the crime for which the plaintiff was arrested; (2) whether the plaintiff posed a threat to the safety of the officers or others; (3) whether the plaintiff was actively resisting arrest or attempting to flee; and (4) the availability of alternative methods of subduing the plaintiff. *Id.*

Plaintiff has not stated a plausible excessive force claim. The Complaint alleges only that Officer Hummer used excessive force during Plaintiff's arrest. This is a mere legal conclusion and

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

is not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 681 ("It is the conclusory nature of [plaintiff's] allegations . . . that disentitles them to the presumption of truth.").

Plaintiff may attempt to remedy this deficiency in an amended complaint.

        ii.        Malicious Prosecution Claims

Malicious prosecution generally "does not constitute a deprivation of life, liberty or property without due process of law and, therefore, is not cognizable" under § 1983. *Cline v. Brusett*, 661 F.2d 108, 112 (9th Cir. 1981). However, there is an exception to this general rule for prosecutions pursued "with malice and without probable cause" and undertaken "for the purpose of denying [the plaintiff] equal protection or another specific constitutional right." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009) (alterations omitted). The plaintiff must also show the proceedings were terminated in the plaintiff's favor, for example, that the charges against him were dismissed. *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 371 (2017).

Plaintiff alleges the arresting officers "lied" in their reports. The Complaint includes no specific facts about these alleged lies, nor does it plausibly suggest that any Defendant acted with a purpose to deny Plaintiff a specific constitutional right. *Lassiter*, 556 F.3d at 1054. Further, it is unclear whether Plaintiff's arrest in September 2022 is even related to his current detention or incarceration. Thus, Plaintiff's malicious prosecution claims are implausible.

Plaintiff should keep the above legal standards in mind if he files an amended complaint.

**B.**       ***State Law Claims***

In addition to § 1983 claims, Plaintiff asserts state law claims under Idaho Code § 18-706. (*Compl*. at 2). That statute provides for criminal liability if a public officer, "without lawful necessity, assaults or beats any person."

As an initial matter, because the Court lacks jurisdiction to hear state criminal matters, Plaintiff's criminal claims are implausible.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

Moreover, it does not appear Idaho Code § 18-706 provides a private right of action. In *Yoakum v. Hartford Fire Ins. Co.*, the Idaho Supreme Court considered whether an implied private right of action existed under a criminal statute. 923 P.2d 416, 421 (Idaho 1996). The court held that it did not and based its decision on the following factors: (1) the statute was enacted to protect the general public, (2) there was no indication the legislature intended to create a private cause of action, (3) the statute provided for a criminal punishment, and (4) there was no indication that providing an additional civil remedy was necessary to assure the effectiveness of the statute. *Id*. The *Yoakum* court noted that "in the absence of strong indicia of a contrary legislative intent, courts must conclude that the legislature provided precisely the remedies it considered appropriate." *Id*. (relying on *Middlesex Cnty. Sewerage Auth. v. National Sea Clammers*, 453 U.S. 1, 15 (1981).

The factors identified in *Yoakum* apply equally to the state criminal statute cited by Plaintiff. Therefore, Plaintiff's state law claims are implausible.

Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in any event. 28 U.S.C. § 1367(c).

**4.     Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of his constitutional rights. *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson*, 588 F.2d at 743. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a

complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an excessive force claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing he can meet the *Monell* requirements, if applicable (explained above).

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight (28) days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

4. Because the bond requirement of Idaho Code § 6-610(2) does not apply to prisoner-plaintiffs who are proceeding in forma pauperis, Plaintiff's Motion for Hearing to Waive Requirements of ID Statute 6-610 (Dkt. 4) is MOOT. *See Kangas v. Wright*, No. 1:15-CV-00577-CWD, 2016 WL 6573943, at *6 (D. Idaho Nov. 4, 2016) ("[A]n indigent prisoner's state-law claims will not be barred for failure to post the requisite bond.").

DATED: November 15, 2024

*Amanda K. Brailsford*
_____
Amanda K. Brailsford
U.S. District Court Judge